STATES DISTRICT COURT
EASTERN DISTRICT OFMICHIGAN
SOUTHERN DIVISION

DETROIT FREE PRESS,
a Michigan corporation,

        Plaintiff,

v.                            Case No. _____

                             Hon. _____

                             Magistrate Judge _____

UNITED STATES DEPARTMENT
OF JUSTICE,

        Defendant.

_____/

Herschel P. Fink (P13427)
Legal Counsel
Detroit Free Press, Inc.
615 W. Lafayette Blvd.
Detroit, MI  48226
(313) 749-9979
hfink@freepress.com
_____/

## **COMPLAINT**

      Now comes Detroit Free Press, Inc. ("Free Press"), by Herschel P. Fink, its attorney, and for its Complaint for relief from violations of the Freedom of Information Act, 5 U.S.C. §552 ("FOIA"), by the United States Department of Justice ("DOJ"), says:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Free Press is a Michigan corporation with its principal place of business in Detroit, Michigan.  It publishes the *Detroit Free Press*, the largest general circulation newspaper in Michigan.

2.      Defendant DOJ is an agency in the Executive Branch of the United States Government.  The DOJ comprises several component agencies, including the United States Marshals Service ("Marshals Service").

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1361, and/or 5 U.S.C. § 552(a)(4)(B) and (G).

4.      Venue is appropriate in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391 and 5 U.S.C. § 552(a)(4)(B).

## COMMON ALLEGATIONS

5.      On February 12, 2013, the Free Press submitted a FOIA request (Exhibit A) for documents to the FOIA Coordinator of the Marshals Service's Detroit office ("the Request").  Specifically, the Request sought the booking photos ("mug shots") of three persons then currently under criminal prosecution on public corruption charges in the United States District Court for the Eastern District of Michigan.  The individuals - - former Detroit Mayor Kwame Kilpatrick,

2

his father, Bernard Kilpatrick, and a friend, Bobby Ferguson - - had each been indicted, had appeared in open court, and were at the time of the Request being tried. *United States of America v Kilpatrick, et al*, Eastern District of Michigan, No. 2:10-CR-20403. (Relevant pages of the Docket are Exhibit B.) All three were found guilty on March 11, 2013 - - almost one month after the Request - - of numerous public corruption felonies. (D. 277) Post verdict motions are currently being briefed, and remain undecided. (D. 366). The prosecution is continuing. No date has been set for sentencing of the three defendants, who are the subject of the Request.

6.     This Court and the United States Court of Appeals for the Sixth Circuit have previously established the Free Press's right under FOIA to obtain the documents in the Request. In *Detroit Free Press v Department of Justice*, Case No. 93-74692 (J. Anna Diggs Taylor), *aff'd*, 73 F.3d 93 (6th Cir. 1996), *reh'g denied*, 1996 U.S. App. LEXIS 8867 ("*Free Press I*"), this Court upheld a materially identical request by the Free Press for mug shots from the Marshals Service. The DOJ chose in that case not to seek further review in the Supreme Court of the Sixth Circuit's *en banc* rejection of rehearing.

7.     The Sixth Circuit further held in *Free Press I* that "in an ongoing criminal proceeding, in which the names of the defendants have already been divulged and in which the defendants themselves have already appeared in open

3

court, . . . no privacy rights are implicated [by disclosure of mug shots]." 73 F.3d at 97. The mug shots sought here are of defendants who have already appeared in currently ongoing criminal trials (See, Exhibit A, docket sheets). Their identities and proceedings have already been reported by the Free Press and other news outlets. Indeed, this prosecution has been one of the most highly publicized in the history of the Eastern District, as this Court may take judicial notice. Therefore, no privacy concerns are implicated by the Request.

8.      Nevertheless, the DOJ denied the Free Press's Request by letter dated February 14, 2013 (Exhibit C). Specifically, the DOJ claimed regarding these three mug shots that "their production could reasonably be expected to constitute an unwarranted invasion of personal privacy," citing FOIA Exemption (b)(7)(C) (5 U.S.C. § 552 (b)(7)(C)).

9.      The DOJ's refusal to comply with the Request is arbitrary, capricious, and in willful disregard of its obligations under FOIA and the orders of this Court and of the Sixth Circuit in *Free Press I*. Indeed, the rejection was prompted by a new "Booking Photograph Disclosure Policy" (Exhibit D) issued on December 12, 2012 by Gerald M. Auerbach, general counsel of the Marshal's Service. In it, Mr. Auerbach states that, once a prisoner has been arrested, "the general rule is that no release should be made because booking photographs of that prisoner to the media

would not serve law enforcement purposes."  Specifically referring to *Free Press I*,

Mr. Auerbach continued:

> Until now, the USMS has employed an exception for FOIA requests originating within the jurisdiction of the U.S. Court of Appeals for the Sixth Circuit to accommodate that court's decision that "no privacy rights are implicated" by the booking photographs of a criminal defendant who has been publically [sic] named, who has "appeared in open court," and who has an "ongoing criminal proceeding."  *See Detroit Free Press, Inc. v Dep't of Justice*, 73 F.3d 93, 95, 97 (6th Cir. 1996) (declining to address whether a privacy interest exists in cases "involving dismissed charges, acquittals, or completed criminal proceedings").

> In light of the weight of legal precedent now supporting the Department of Justice's conclusion that booking photographs generally should not be disclosed under the FOIA (referencing a 10th and an 11th Circuit opinion), the Department has decided that a uniform policy should be applied.  Accordingly, effective immediately, the USMS will not disclose booking photographs under the FOIA, regardless of where the FOIA request originated. . . ."

10.    On March 15, 2013, the Free Press submitted a timely appeal of the

DOJ's February 14, 2013 rejection (Exhibit E), which the DOJ acknowledged

receiving on March 25, 2013 (Exhibit F).

11.    Pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), the DOJ had 20 working days

after receipt to make a determination on the Free Press' appeal.  That time expired

on or about April 22, 2013.  On June 10, 2013, the Free Press advised the DOJ that

the time period in which to respond to its appeal had long expired, but that the Free

5

Press would delay filing this action until at least June 21, 2013 - - two months longer than it needed to wait - - in the hope that the DOJ would obey the Sixth Circuit's ruling.  (Exhibit G.)  The DOJ did not respond.

12.    Thus, pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the Free Press has exhausted its administrative remedies.

13.    Further evidence of the DOJ's contempt for and disregard of this Court's, and the Sixth Circuit's, rulings and directives to the DOJ in *Free Press I*, is the fact that this is not the DOJ's first attempt to unilaterally end-run, or openly defy, *Free Press I.*

14.    In May, 2004 the Marshals Service - - perhaps believing that after the passage of almost a decade, it was safe to ignore *Free Press I* - - issued a new policy, virtually identical to the December 2012 policy that is involved here, seizing upon a then recent Supreme Court decision in *NARA v Favish*, 124 S.Ct. 1570 (2004), as pretext to declare that "*Favish* now seriously calls into question the continued vitality of the Sixth Circuit's singular view of an individual's privacy interest as enunciated by a divided panel in *Detroit Free Press v Department of Justice*, a case involving the disclosure of 'mug shots.' \*\*\*  Thus, in light of the *Favish* decision, atop the overwhelming weight of case law broadly interpreting

Exemption 7(C)'s privacy protection, *Detroit Free Press* should no longer be regarded as authoritative even within the Sixth Circuit."  (Exhibit H.)

15.     The Free Press, which has as its front page motto, "On Guard for 181 Years," sued the DOJ once again in 2005.  *Detroit Free Press, Inc. v United States Department of Justice*, U.S. District Court for the Eastern District of Michigan, Case No. 05-CV-71601 (*Free Press II*).  (Relevant pleadings are Exhibit I.)

16.     That time, the DOJ quickly recognized that its claimed interpretation of *Favish* obviously had no application to mug shots, and that it had no defense, and it abruptly reversed course, announcing it would resume honoring mug shot requests in the Sixth Circuit, and moving for dismissal of *Free Press II* as moot. U. S. District Judge Anna Diggs Taylor - - who had also presided over *Free Press I* - - granted the motion to dismiss, but sanctioned the DOJ with an attorney fee award in favor of the Free Press.  (Exhibit J.)

17.     About the same time, the Akron Beacon Journal newspaper also sued the DOJ in the Northern District of Ohio for similarly denying its mug shot request.  District Judge David Dowd noted in his opinion rejecting dismissal for mootness that, "Defendants initially contended that *Detroit Free Press* either did not apply in this case or was no longer good law.  They have since 'recognize[d] that they are bound by the decision as law of this circuit.'  Consequently,

7

Defendants indicated they would provide the requested booking photographs to Plaintiff."  The Ohio District Court then found in favor of the newspaper, and also awarded it attorney fees.  (Exhibit K.)

18.    Now, with the passage of another seven years, the DOJ believes the time is once again ripe to ridicule this Court and the Sixth Circuit's "singular view," and to claim that - - once again - - "the weight of legal precedent" (but not in the Sixth Circuit) allows it to ignore *Free Press I* and now *Free Press II*.

19.    This action should receive expedited consideration pursuant to 28 U.S.C. § 1657(a).  The requested mug shots pertain to ongoing criminal proceedings.  They are therefore immediately newsworthy, and that newsworthiness decreases with each passing day.  Moreover, as the Sixth Circuit's *Free Press I* and other judicial decisions have recognized, mug shots have unique value in informing the public of its government's actions and in holding law enforcement officials accountable.

20.    The Free Press is entitled to an award of its reasonable attorneys' fees and other litigation costs under 5 U.S.C. § 552(a)(4)(E).

## COUNT I – VIOLATION OF FOIA

21.    The Free Press incorporates herein each of the preceding paragraphs.

22.     The DOJ's refusal to comply with the Request violates its duties under FOIA.

23.     The Free Press is entitled under FOIA to relief from this Court compelling DOJ to comply with the Request.

## COUNT II – CONTEMPT

24.     The Free Press incorporates herein each of the preceding paragraphs.

25.     The DOJ is under a continuing obligation to follow this Court's order and the Sixth Circuit's directive in *Free Press I* to comply with FOIA requests for mug shots of defendants in ongoing criminal proceedings, at least as to requests made within the jurisdiction of the Sixth Circuit.

26.     By refusing the Request, and specifically by acknowledging the ruling of the Sixth Circuit requiring granting it, the DOJ acted expressly in contempt of this Court's order in *Free Press I*.

27.     This Court has the power to punish this act of contempt pursuant to 5 U.S.C. § 552(a)(4)(G), as well as through its own inherent power.

## COUNT III – DECLARATORY JUDGMENT

28.     The Free Press incorporates herein each of the preceding paragraphs.

29.     The DOJ has a continuing obligation, under the holdings of this Court and the Sixth Circuit in *Free Press I*, to comply with FOIA requests for mug shots of defendants in ongoing criminal proceedings, at least as to requests made within the Sixth Circuit.

30.     Unless the DOJ's published policy (enunciated in its December 12, 2012 "Booking Photograph Disclosure Policy") expressly refusing to obey *Free Press I* is invalidated, DOJ is likely to continue to deny FOIA requests similar to those at issue here.

31.     The Free Press is entitled to a declaratory judgment that *Free Press I* remains in force, and that the DOJ's 2012 policy refusing to obey that decision is invalid.

WHEREFORE, the Free Press requests that it be granted the following relief:

A.     Expedited scheduling, briefing, and consideration of this action;

B.     An order directing the DOJ and the Marshals Service to produce to the Free Press the mug shots listed in the Request;

C.     An order finding the DOJ in contempt of this Court's and the Sixth Circuit's directive in *Free Press I*, and assessing appropriate penalties.

10

D.      A declaratory judgment that *Free Press I* remains in force, and that the DOJ's 2012 policy refusing to obey that decision is invalid;

E.      An award of the Free Press's costs and attorneys' fees related to this action; and

F.      Any further relief that the Court deems just.

Respectfully submitted,

Detroit Free Press, Inc.


By: /s/ Herschel P. Fink
        Herschel P. Fink (P13427)
Legal Counsel
615 W. Lafayette Blvd.
Detroit, MI  48226
(313) 749-9979
hfink@freepress.com

Dated:  July 5, 2013